a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DANIEL GUTIERREZ BARRIOS** #A201-611-432, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01587 SEC P |
| VERSUS | JUDGE JOSEPH |
| **CHAD F WOLF ET AL,** Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Daniel Gutierrez Barrios ("Barrios"). At the time of filing, Barrios was an inmate in the custody of the U.S. Immigration and Customs Enforcement ("ICE") detained at the LaSalle Detention Center in Trout, Louisiana. Barrios challenges his prolonged detention and seeks a release from custody. ECF No. 1.

Because Barrios has been released, his Petition is MOOT and should be DISMISSED WITHOUT PREJUDICE.

I.  **Factual Background**

Barrios is a native and citizen of Venezuela. ECF No. 1 at 2. He was ordered removed on March 18, 2020. Barrios alleges that his removal is unlikely to occur in the reasonably foreseeable future due to Venezuela not taking repatriation flights. *Id.*

1

After Barrios filed this *pro se* Petition, another petition was filed on by counsel on Barrios's behalf. *Barrios v. Rosen, et al.*, 1:21-CV-153 (W.D. La.). That case was recently dismissed as moot because Barrios was released from custody. *Id.* at ECF Nos. 12, 14, 15.

## II.   Law And Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Based on the uncontested documents submitted by the Government in the more recent case (1:21-CV-153), Barrios's *pro* se § 2241 Petition in this case is also moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North*

*Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because Barrios is no longer in ICE custody, IT IS RECOMMENDED that his Petition and requests for relief therein (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 23, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE